VIOLA CARTLICH, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 2, 1908.

1. **APPELLATE PRACTICE: Conflicting Testimony: Demurrer to Evidence: Negligence: Passenger Carrier.** An appellate court does not weigh conflicting evidence but has to ascertain whether the plaintiff's evidence carries enough weight to raise a debatable issue in the minds of reasonable men; and the evidence relating to a passenger alighting from a car is considered and found sufficient to send the question of negligence to the jury.

2. **PASSENGER CARRIER: Alighting from Car: Issues: Instructions.** Instructions touching the negligence in starting a car while the passenger was alighting are held to cover without enlargement the issues raised by the pleadings.

3. **CONTRIBUTORY NEGLIGENCE: Instruction: Greater Weight of Evidence.** Contributory negligence is an affirmative defense and the burden is on the defendant to establish it by a preponderance of the evidence, which means that the testimony adduced by one side is more creditable and conclusive than that on the other and sufficiently outweighs opposing evidence to satisfy the jury that a certain fact is true rather than the reverse.

Appeal from Jackson Circuit Court.—*Hon. A. L. Cooper, Special Judge.*

AFFIRMED.

129 App—46

*John H. Lucas* and *F. G. Johnson* for appellant.

(1) The court erred in refusing to sustain the demurrer offered by the appellant at the close of the evidence of the plaintiff, and manifestly erred in overruling the appellant's peremptory request for a verdict in its favor at the conclusion of the whole case. The evidence fails to establish a case against the appellant and conclusively shows that appellant was not guilty of any negligence whatsoever. R. S. 1889, sec. 866; Musser v. Harwood, 23 Mo. App. 495; Whitsett v. Ransome, 79 Mo. 260; Empey v. Railroad, 45 Mo. App. 424; Lchmot v. Railroad, 118 Mo. App. 617; Spiro v. Transit Co., 102 Mo. App. 265. (2) The court erred in giving instructions 1, 2 and 3 as requested by the respondent. These instructions ignored the issues tenddered by the pleadings, were unsupported by evidence, enlarged the issues between appellant and respondent, and were grossly misleading in their nature and character, viz: (1) Thompson v. Babb, 45 Mo. 384; Lumber Co. v. Tie Co., 87 Mo. App. 167; Mansur v. Botts, 80 Mo. 651; Yarnall v. Railway, 133 Mo. 570; Heinzle v. Railway, 182 Mo. 528. (2) See authorities supra. (3) Morton v. Heiborn, 135 Mo. 609, 616; Bryan v. Railway, 19 N. W. 295; Martin v. Railway, 56 S. W. 1011; Bull v. Marquis, 92 N. W. 691; Clark v. Ketchem, 52 Mo. 316; Grant v. Roe, 83 Mo. App. 560; Cook v. Railway, 94 Mo. App. 425.

*Borland, Goodwin & Pew* for respondent.

(1) Where the evidence is conflicting it is the province of the jury to pass upon its weight; and the appellate court will not interfere. Miller v. Wagner, 181 Mo. 158; Blanton v. Dold, 109 Mo. 64; Woody v. Railway, 104 Mo. App. 678; State v. Sullivan, 110 Mo. App. 75; Crouch v. Colbert, 111 Mo. App. 93; Brockman Com. Co. v. Kilbourne, 111 Mo. App. 542; Negen-

schiede v. Transit Co., 118 Mo. App. 295; Lehnick v. Railway, 118 Mo. App. 611; Spiro v. Transit Co., 102 Mo. App. 250; Whitsett v. Ranson, 79 Mo. 258; Bond v. Railroad, 122 Mo. App. 212; Shoe Co. v. Sally, 114 Mo. App. 222; Bohle v. Mercantile Co., 114 Mo. App. 439; Conrad v. Railway, 116 Mo. App. 517; Powell v. Railroad, 59 Mo. App. 335; Woodard v. Cooney, 111 Mo. App. 152; McKee v. Verdin, 96 Mo. App. 268. (2) Instructions one and two given for plaintiff fairly present the issues. Ridenhour v. Railway, 102 Mo. 281; Maguire v. Transit Co., 103 Mo. App. 460. (3) Instruction number three, given for plaintiff, is correct and in harmony with defendant's own instructions on the question. Standard Dictionary, Twentieth Century Edition; Turner v. Overall, 172 Mo. 289; McKee v. Verdin, 96 Mo. App. 268, 271.

JOHNSON, J.—Plaintiff was a passenger on an electric street car operated by defendant on its Holmes street line in Kansas City and was injured while attempting to alight from the car at Twenty-ninth and Holmes streets, a regular stopping place. She alleges in her petition that her injury was the result of the negligent failure of defendant to hold the car stationary a sufficient time for her to accomplish her departure in safety. She recovered a verdict and judgment in the sum of fifteen hundred dollars and defendant appealed.

The negligence charged in the petition is "that the car stopped for plaintiff to alight, and while this plaintiff in the exercise of proper care and caution was in the act of alighting from the rear platform of said car to the ground, said defendant negligently and carelessly started said car in motion and threw this plaintiff with great force and violence to the ground; that as said car moved past plaintiff while plaintiff was in the act of falling, and when the car had been so negligently and carelessly set in motion by defendant, the iron shod

bumper on the rear of said car, which projected out some eight or ten inches beyond the side of said car, struck this plaintiff with great force and violence on the left hip, wounding and lacerating the plaintiff, and throwing her with increased force and violence against the ground; that defendant well knew the position that plaintiff was in when it started said car, and said injuries were wholly due to the negligence and carelessness of said defendant, its officers, agents and employees in operating said car and in starting the same while plaintiff was in the act of alighting." The answer contains a general denial and the further defense "that if plaintiff received any injuries at the time mentioned in said petition, the same were caused by plaintiff's own fault and negligence."

It is argued by defendant with much earnestness that the court should have peremptorily directed a verdict in its favor on the ground that plaintiff failed to adduce substantial evidence tending to show negligence on the part of defendant in the respects alleged. It is conceded in effect that plaintiff's own testimony does tend to support her allegations, but it is urged that since it is uncorroborated by any other witness and is contradicted by the testimony of seven witnesses introduced by defendant, five of whom appear to be wholly disinterested, it should be rejected as unworthy of belief under the principles followed by this court in Empey v. Cable Co., 45 Mo. App. 422, and recently in Lanick v. Railway, 118 Mo. App. 611. The injury occurred at about eight o'clock in the evening of November 17, 1903. Plaintiff was the only passenger on the car. She testified in part: "I got on the car at Twenty-third and Holmes streets and told the conductor I wanted to get off at Twenty-ninth. I asked him the time; I says, 'About what time is it,' and he says, 'Just a few minutes of eight.' I says, 'Then I will be home by eight.' When the car got to Twenty-ninth and Holmes streets

I motioned to him and he nodded his head for me to get off. I got up and went up to the back platform and he was standing right by the side of me, looking at me, and the car had stopped suddenly, and he nodded his head it was all right. Just as I stepped off it started suddenly and I received a terrible blow; then I was unconscious for the time being until they came, and they started to pick me up and carry me and I screamed with pain; I could not move—I couldn't get on my feet; I thought first my legs had been broken, but I was just so injured, I didn't know, hardly, what was the matter. Then they picked me up and they wanted—they started to put me in the car to take me up to the end of the line and I suffered such severe pain I couldn't stand it, and one of them took me by the head and the other by the feet, and the way I was injured it caused such terrible pain I couldn't stand it; my back was hurting so, and I screamed. They wanted to put me up on the car and I knew I couldn't stand it, the way I was suffering, and I simply asked them to take me home, and they asked me where I lived. The conductor and motorman, one took hold of one side of my shoulders and the other the other side and they carried me in there that way, and occasionally I might put down my right toe just the least little bit to support me." Further she said that the car was southbound, and had come to a full stop before she started to step from the platform; that the exit was on the west side of the platform, and that as she proceeded down the steps, she seized the handhold attached to the body of the car with her left hand and, with her face toward the south, was in the act of stepping from the last step to the pavement when the car suddenly started.

It is conceded that the end of a transverse beam or bumper set on a level with the platform at the rear of the car projected several inches beyond the line of the car and served to enclose the steps at the side oppo-

site to that enclosed by the body of the car. Plaintiff is quite positive that she received a violent blow on her left thigh from this bumper end as it passed her while she was in the act of falling. The injuries received by plaintiff appear from the testimony of her witnesses to have been severe and, obviously, of a very violent origin. She was confined to her bed and was under the care of physicians for a month or more. The most painful injuries consisted of a severe contusion on her left thigh and one on her abdomen. The former was described by the woman who nursed her as being much larger than a person's hand, greatly discolored and much swollen. A train of evil consequences appears to have followed these injuries and when the witnesses testified, plaintiff still was suffering from them to an extent to disable her almost entirely from following her vocation of teaching music.

The conductor introduced as a witness by defendant testified that plaintiff was the only passenger on the car; that she boarded it at Twenty-third street and shortly before it reached Twenty-ninth signified her intention to leave it at that place; that he thereupon gave the signal, and in obedience thereto, the speed of the car was reduced to make the necessary stop; that plaintiff left her seat while the car was in motion, came back to the rear vestibule where the conductor was standing, stepped down on the steps and then attempted to step to the street while the car was still in motion but running very slowly; that she fell free of the car, face downward, and was not struck by the bumper and that the car came to a full stop after it had run perhaps five or six feet. This version of the occurrence is supported by the testimony of the other witnesses for defendant one of whom was the motorman, the others, persons who lived nearby or happened to be passing along the street. Several of the witnesses say that after the conductor had carried plaintiff into the car, he

asked her why she had attempted to alight while the car was in motion and she answered that she did not know why she had been so careless. Plaintiff denies making such statement. All of the witnesses agree that the car was running very slowly when plaintiff made the last step; that it stopped after it had run four or five feet and that as plaintiff came down the steps she grasped the handhold attached to the body of the car, with her left hand, and was facing towards the south.

Other facts appear in the record, but they are of minor importance and need not be repeated here. The disinterestedness of some of defendant's apparently disinterested witnesses is attacked by plaintiff, but in disposing of the questions now under consideration, we shall assume that five of the witnesses had no interest in the case and, therefore, no motive for purposely distorting or misrepresenting the actual facts.

We do not feel justified in saying, as a matter of law, that plaintiff has failed to produce substantial evidence of the existence of the negligence charged. Our duty is not to weigh conflicting evidence of substance, but to ascertain whether that adduced by plaintiff carries enough weight to raise a debatable issue in the minds of reasonable men. The duty of weighing evidence and of passing on the credibility of witnesses is vested by law in the triers of fact alone and it is only in cases where the evidence supporting the verdict is so lacking in value, either because it fails to measure to the standard of the rules of evidence, or is opposed by evidence of such overwhelming strength and verity that it is too weak to raise an issue, that the appellate court, as a matter of law, should brush it aside and treat the judgment as the product of passion or prejudice and not of a fair and impartial effort on the part of the judge and jury to discharge their duties. Plaintiff's testimony is not wholly unsupported. The admitted physical facts and circumstances surrounding the injury very

strongly corroborate it. On the hypothesis of defendant that she attempted to step from a very slowly moving car to the paved street, it is difficult to understand how she could have received such severe injuries to her back and abdomen; or, indeed, considering the fact that she was supporting herself with her left hand and was facing the direction in which the car was going, it is surprising that she should have lost her balance. The location and the severity of the bruise on her back point more strongly to a violent blow as the producing cause than to a mere fall on a smooth pavement from a very slowly moving car. The jury well might wonder how she received that bruise if she fell to the pavement face downward as the conductor says she did. These conclusions appear as reasonable inferences from all the facts in evidence and the jury was entitled to an opportunity to consider them. What we said recently in the case of Pickens v. Railway, 125 Mo. App. 669, is applicable to the facts now under consideration and we refer to the opinion in that case for a full discussion of pertinent principles. The evidence of plaintiff being substantial the learned trial judge properly overruled the demurrer.

Some of the instructions given by the court at the instance of plaintiff are made the subject of criticism, but we find they fairly present the issues and do not enlarge the scope of the cause of action pleaded. In obeying the instructions, the jury could not have found for plaintiff without finding that the car was stopped to permit her to depart from it and that defendant's servants, knowing she was in the act of alighting, prematurely started the car. On the other hand, the jury were told that plaintiff could not recover if she attempted to alight before the car came to a stop and thus the issues raised by the pleadings and evidence fairly were presented without enlargement.

The instruction given at the request of plaintiff in

which the jury were told "that before you can find for the defendant on the ground that plaintiff's own negligence contributed to cause the injury, you must believe from the greater weight of the credible evidence in the case that plaintiff negligently attempted to alight from defendant's car before it came to a stop at Twenty-ninth and Holmes streets; and by the greater weight of the credible evidence is not meant the greater number of witnesses on the one side or the other, but it is that evidence which, under all the facts and circumstances of the case convinces your mind of the truth of the fact," declares a proper rule.   Contributory negligence being an affirmative defense, the burden of proof was on defendant to establish its existence by a preponderance of the evidence.   By a preponderance of the evidence is meant that the testimony adduced by one side is more credible and conclusive than that of the other and that it sufficiently outweighs the opposing evidence to satisfy the jury that a certain fact is true rather than the reverse.   [6 Words and Phrases Judicially Defined, p. 5516.]   When the jury believe that the party who affirms the existence of a certain fact has supported his contention by evidence of the greater weight, their minds should be convinced of the verity of the fact affirmed. The instruction under consideration does not increase the burden of proof imposed on defendant by the settled rule of law.

The judgment is affirmed.  All concur.