HENRY C. DALTON, Appellant, v. WILLIAM H. REDEMEYER, Respondent.

St. Louis Court of Appeals. Argued and Submitted December 7, 1910. Opinion Filed December 30, 1910.

1. ANIMALS: Bailment: Action by Bailor: Injury to Horses: Sufficiency of Evidence. In an action for damages sustained by reason of the alleged failure of defendant to return horses hired to him by plaintiff in as good condition as when received, as he had agreed to do, it is *held*, the evidence was sufficient to warrant the submission of the case to the jury.

2. ———: ———: ———: ———: Burden of Proof on Bailee. In an action for damages sustained by reason of the alleged failure

of defendant to return horses hired to him by plaintiff in as good condition as when received, it being claimed that the damages sued for grew out of conditions arising while the horses were in the defendant's custody and possession, the burden rested on him to prove that these conditions did not occur or arise while the horses were in his possession.

3. ——: ——: ——: ——: ——. Where one takes horses into his charge and custody, under an arrangement to pay hire for the use of them, in the absence of a contract to the contrary, he is responsible to the bailor for their proper care and safe return; the burden of proof being on him, in case of loss of or damage to the horses, to establish it was not through his fault such loss or damage occurred.

4. ——: ——: ——: ——: ——: Instructions: Roving Commission. In an action for damages sustained by reason of the alleged failure of the defendant to return horses hired to him by plaintiff in as good condition as when received, an instruction requested by defendant that the burden of proof rests on plaintiff, and before the jury can find a verdict for plaintiff he must prove by a preponderance of the evidence all of the facts necessary to recover as against defendant, was properly refused, both because it incorrectly declared the law with respect to the burden of proof, under the facts, and because it would have given the jury a roving commission to find for themselves, without guide or compass, what facts were necessary to entitle plaintiff to recover.

5. APPELLATE PRACTICE: Briefs: Citing Authorities: Rules. The citation in a brief to pages and paragraphs of a digest is in direct violation of Rule 19 of this court.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

REVERSED AND REMANDED *(with directions).*

*R. B. Haughton* for appellant.

(1) As the trial court stated, in the record, its reasons for granting a new trial, it will be presumed that it ruled against all other causes assigned in the motion for a new trial and that in so doing it was right. The cause stated was the error of the court in refusing defendant's instruction as to the burden of proof. No other cause need be considered here. Ittner v. Hughes,

133 Mo. 679. (2) Admitting, for the sake of argument only, that the instruction regarding the burden of proof was erroneously refused, a new trial still should not have been granted. It is not every error that justifies a new trial. The verdict was, evidently, for the right party, there was practically no evidence contrary to that of plaintiff and a new trial would result. the same as this one did. Ittner v. Hughes, 133 Mo 679; 9 Pattison's Digest, pp. 146 and 147; Bartley v. Railroad, 148 Mo. 124. (3) No prejudice resulted to defendant, by reason of the refusal of the instruction as the instructions given covered the case fully. 9 Pattison's Digest, pp. 129, 131 and 664. (4) The instruction should have been refused, because it did not tell the jury what it was necessary for the plaintiff to prove. (5) There was no evidence on which to base the refused instruction. There was practically no difference between the evidence offered by plaintiff and that offered by defendant, except in a few minor details. (6) The instruction should have been refused, because when the plaintiff rested, in chief, the burden of proof was on the defendant. The instruction was too broad. Taussig v. Schields, 26 Mo. App. 318; Arnot v. Branconier, 14 Mo. App. 431; Goodfellow's Exr. v. Meegan, 32 Mo. 280; Wiser v. Chesley, 53 Mo. 547; Wolf v. American Ex. Co., 43 Mo. 421; Colt v. Beaumont, 32 Mo. 118. (7) This is, peculiarly, the case where the injury occurs while the property is in the custody of the defendant, for the reason that the defendant's ability to show the facts is so much greater than the plaintiff's. Arnot v. Branconier, 14 Mo. App. 431.

*Jeptha D. Howe* and *Alphonso Howe* for respondent.

The instruction asked is a set instruction, and has met with approval in this court. Realty Co. v. Gart-

side. 128 Mo. App. 580; Cortlich v. Railway, 129 Mo. App. 721; Jones v. Durham, 94 Mo. App. 51. An instruction that the issues cannot be found for plaintiff, except upon the greater weight of the evidence in his favor, is proper in a case triable by a jury. Jones v. Durham, 94 Mo. App. 51.

REYNOLDS, P. J.—This action was brought by plaintiff, appellant here, against respondent Redemeyer, and the Prendergast Contracting Company. It is averred in the petition that plaintiff is "the owner of four certain horses and that on the 18th of March, 1907, he hired and delivered them to defendant in good order and condition, under a contract, by the terms of which, partly expressed and partly implied by law," defendants were to have the use of the horses and were obliged to return them to plaintiff in as good order and condition as they were at the time they were so delivered to defendants and to pay plaintiff a reasonable sum for their hire and use; that defendants accepted the horses and returned them to plaintiff on the 24th of March, 1907, in a greatly weakened and injured condition and that as a result of this condition on their return, one of the horses died shortly thereafter and the other three had not yet recovered, although carefully treated by plaintiff; that the injuries to them were permanent. The damages claimed for the value of the horse which died, for expenses in treating the others, for loss of their services and other items are set out in detail and judgment demanded for six hundred dollars and costs.

The answer was a specific denial of all matters set out in the petition. The trial was before the court and a jury.

Plaintiff's evidence tended to support the allegations of his petition; that offered by defendant contradicting it. During the progress of the trial, in conse-

54 App.—13.

quence of a ruling of the court, that there could be no recovery as against the Prendergast Contracting Company, plaintiff took a non-suit as to that defendant, with leave to move to set it aside, and the case proceeded as against the defendant Redemeyer.

At the conclusion of the testimony the court gave several instructions asked by plaintiff, among others, one to the effect that if the jury believed from the evidence that defendant received the four horses in good condition, the burthen of proof was then on defendant to show by a preponderance or greater weight of the evidence that the damage, if any occurred, was not through the fault of defendant. Objection was duly made and exceptions saved to the giving of this.

At the instance of the defendant Redemeyer, and of its own motion, the court gave various instructions. The defendant asked this instruction, which the court refused to give:

"The burden of proof rests upon the plaintiff and before you can find a verdict in favor of plaintiff, the plaintiff must prove by a preponderance of the evidence all of the facts necessary to entitle him to recover as against defendant, and by a preponderance of the evidence as used in this instruction, is meant evidence which in your judgment is entitled to greater weight with respect to its credibility than the evidence to the contrary."

Defendant also asked an instruction to the effect that under the pleadings and evidence in the case and the law applicable thereto, plaintiff was not entitled to recover against defendant Redemeyer.

There was verdict and judgment for plaintiff for $300 against Redemeyer, and judgment discharging the Prendergast Contracting Company. Redemeyer in due time filed motions for a new trial and in arrest. One of the grounds for the motion for new trial, was

the refusal of the court to give the instruction, above quoted, as to the burden of proof, which had been asked by Redemeyer and refused by the court. The court sustained the motion for a new trial and set aside the judgment on the assigned ground "of error in refusing the instruction offered by defendant touching the burthen of proof." Plaintiff, duly excepting, perfected his appeal to this court.

The error relied upon by the plaintiff, appellant here, is to this action of the court in setting aside the verdict and granting a new trial for the reason assigned. The learned counsel for respondent Redemeyer also stand on this proposition, maintaining that there was no error in this action of the court, and further contending that on the record, defendant's instruction for a verdict offered at the close of all the evidence, should have been given. Disposing of this last contention, we cannot sustain it. We have read all the evidence as set out in the abstract and are unable to say that on that evidence there should have been a peremptory instruction in favor of the defendant.

We have set out the substance of the instruction given at the instance of plaintiff as to the burden of proof. We think, on the anthorities, that this was a proper instruction under the facts in the case. The theory upon which it was asked and given was that the damage and loss and consequent expense relied on, having grown out of conditions arising while the horses of plaintiff were in the possession and custody of defendant Redemeyer, the burthen was on him to show that these had not occurred or arisen while the horses were in his possession. This is the law. [Arnot v. Branconier, 14 Mo. App. 431, 1. c. 435; Goodfellow's Executors v. Meegan, 32 Mo. 280, 1. c. 284.] There was ample evidence tending to show that defendant had taken over the horses into his charge and custody under an agreement to pay hire for the use of them. In the ab-

sence of any contract to the contrary, defendant was responsible to plaintiff for proper care and safe return, and for any outlay caused plaintiff, if by reason of the condition in which they were returned, plaintiff was put to expense, and if any were lost or damaged while in defendant's care, it was for defendant to prove that it was through no fault of his own. The burthen of proof of due care was on him. This duty and burden was properly covered by other instructions, and in connection with them the instruction given for plaintiff as to burden of proof correctly stated the law under the facts in the case. The instruction asked by defendant and refused on the burden of proof was directly to the contrary and should not have been given without withdrawing the instruction given. This instruction was properly refused on account of its language. The learned counsel for respondent claim that it is a "set instruction," and has met with the approval of this court in Jones v. Durham, 94 Mo. App. 51, 67 S. W. 976; Rutledge & Kilpatrick Realty Co. v. Gartside, 128 Mo. App. 580, 106 S. W. 1126; Cartlich v. Metropolitan St. R. Co., 129 Mo. App. 721, 108 S. W. 584. Examining those cases and comparing the instruction given in them, we are unable to see the resemblance or to agree with counsel that it is a "set instruction," as compared with the instructions referred to in these cases. The instruction referred to as like in each of these cases, is unlike both in language and general intent. In this refused instruction, after telling the jury that the burthen of proof rests upon plaintiff, it attempts to advise the jury that the plaintiff must prove, by a preponderance of the evidence, "all of the facts necessary to entitle him to recover against defendant." What facts are to be considered by the jury are not stated. It will hardly be contended that the jury are to sift out the facts that are necessary to a recovery by plaintiff for themselves. It was for the court to

Dalton v. Redemeyer.

instruct them as to the essential facts. If the instruction had said "all the facts necessary to entitle plaintiff to recover as against defendant, as to which facts the jury have been heretofore instructed," or, if the instruction had in itself summarized the facts, the error might have been cured. To put an instruction of this kind before a jury, was to give them a roving commission to find for themselves, and without guide or compass, what the facts were which were necessary to entitle plaintiff to recover; not even confining them, in their search after the "necessary facts," to the facts in evidence. Error is obvious. This is the only error to which our attention is particularly directed by counsel on either side, beyond very general allegations, or more correctly, beyond invitations to this court to search through the record and hunt up errors which may possibly be in it. We decline to undertake this, which is the duty of counsel, namely, to search out the record for possible errors. The learned counsel for appellant, in support of several of his propositions, cites us to various pages and paragraphs of a named "Digest." We decline to enter upon the labor involved in following up such form of citation. This form of citation is in direct violation of Rule 19 of our court, which see.

The judgment of the circuit court of the city of St. Louis is reversed and the cause remanded with directions to that court to enter up a judgment in favor of plaintiff and against the defendant Redemeyer upon the verdict as returned by the jury. *Nortoni* and *Caulfield, JJ.*, concur.