W. E. CORNETT, Respondent, v. CHICAGO & ALTON RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals. Submitted on Briefs May 8, 1911. Opinion Filed June 6, 1911.

1. INSTRUCTIONS: Assuming Facts: Common Carriers. In an action against a carrier for injuries to mules in transit, an instruction that the burden was on plaintiff to show that the alleged injuries were the direct result of the negligence of the defendant, and were not the result of some other cause or the result of the vicious propensities of the animals, was not objectionable as assuming that defendant was negligent.

2. **COMMON CARRIERS: Injury to Shipment: Negligence: Instructions: Too General.** In an action against a carrier for injuries to mules in transit, an instruction that the burden was on plaintiff to show that the injuries to the mules were the direct result of defendant's negligence, and were not the result of some other cause or of the vicious propensities of the animals, was too vague, in that it did not inform the jury what act of the defendant would constitute negligence, if any, and, in the absence of any other instruction specifically defining the particular facts which would constitute negligence or carelessness justifying a recovery, was reversible error.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett*, Judge.

REVERSED AND REMANDED.

*John D. Orear, Scarritt, Scarritt & Jones* and *Charles M. Miller*, for appellant.

(1) Instruction No. 1 is erroneous and prejudicial to appellant in that it assumes that appellant was guilty of negligence, and is therefore reversible error. Stone v. Hunt, 94 Mo. 475; Dodd v. Gusefi, 100 Mo. App. 311; Dulaney v. Refining Co., 42 Mo. App. 659. (2) The instruction is further erroneous and reversible error because it did not in any way inform the jury what act of the appellant would constitute negligence, if any, but left them to determine the law and wonder and speculate in their minds irrespective of any negligence pleaded in the petition as to what constituted negligence. Casey v. Bridge Co., 114 Mo. App. 47; Johnson v. Railroad, 117 Mo. App. 308; Kohr v. Railroad, 117 Mo. App. 302; Allen v. Transit Co., 183 Mo. 411; Campbell v. Transit Co., 121 Mo. App. 406; Fisher v. Lead Co., 156 Mo. 479.

*E. S. Gantt*, for respondent.

(1) Respondent's instruction No. 1 does not assume that appellant was negligent. The instruction referred to by appellant in Stone v. Hunt,

94 Mo. 479, is not this instruction in any re-
spect. The same is true of the other case stated
by appellant on this point. Sapp v. Hunter, 134 Mo.
App. 685, 694. (2) Though an instruction submits a
question of law to the jury, yet if the verdict is for
the right party the error is harmless. Goodson v.
Embleton, 106 Mo. App. 77; Nelson v. Hirsch and Sons
and R. Co., 102 Mo. App. 498.

REYNOLDS, P. J.—Appellant operates a line of
railroad running from Kansas City east through the
Missouri towns of Armstrong, Mexico, Francis and
Rush Hill in the order named. On the 14th of January,
1909, respondent delivered to appellant at Armstrong,
twenty-five head of mules, of which he was owner.
Appellant received them for transportation to Rush
Hill. The mules were loaded and taken from Arm-
strong by a local freight train at about 1:30 p. m.
of the date named and arrived at Mexico at about 4:30
p. m. that day. They were accompanied by a stockman
in the employ of respondent. Upon the arrival of the
local freight at Mexico this stockman, getting off the
local, stood ready to accompany the car on to Rush
Hill, he expecting the car to be attached to a fast
freight known as No. 130, which was due to arrive at
Mexico about 5:35 that evening. No. 130 did not
arrive until about 6:30. On its arrival the stockman
went to the caboose and was in the act of getting on
the train, when the conductor asked him where he was
going. He answered that he was in charge of a load
of mules that would be taken by No. 130 from Mexico
to Rush Hill. The conductor informed him that he
had no orders to take this car of mules and that the
car would not be taken on that train. They went to
the station to find out more about the matter and
there the stockman was informed by the yardmaster
that the car of mules had been taken to Francis, a
station some two miles east of Mexico, upon the local

freight train due at Mexico at 4:30.  He was further told by the yardmaster that the mules would remain in the yards at Francis until the next morning when they would be taken by local freight from Francis to Rush Hill.  Mexico is a division point for local freight trains running each way daily from Mexico.  The stockman then called respondent up at Rush Hill, informed him of the situation and  on  invitation  of respondent went to Rush Hill and spent the night with him.  The next morning the car of mules arrived at Rush Hill at about 9 o'clock.  When the mules were loaded at Armstrong they were in good order and condition; when unloaded at Rush Hill they were in bad condition, about twelve of them were raw across their rumps and tails and scarred up on the body and legs, all of them sore and stiff; they had worn the skin into the flesh and all of the mules were more or less injured and in bad condition generally.  Respondent had been making shipments of mules from Armstrong each spring for six years prior to this time and during that time this same local freight had been conveying the mules to Mexico and the fast freight No. 130 would pick up the car at Mexico, carry it to Rush Hill, arriving there about seven o'clock on the same day.  There was evidence in the case tending to show that when a train or car in which mules were being carried was moving, that the mules braced themselves to meet the movements of the car and were comparatively quiet, but when the train remained stationary for any length of time the mules became excited, restless and irritable and as a result moved about, fighting and rubbing around in the car.

It appears that Francis is a kind of switching yard for Mexico station and there was evidence to the effect that the damage to twelve of the mules was ten dollars a head and to the remaining thirteen about four dollars a head.  The mules appeared to be in

good condition when the car reached Mexico that evening.

The defense in the case is that it was not the duty of appellant, under the law, to take the mules from Mexico to Rush Hill on this special or fast freight No. 130; that it was not its custom to do so, and that it could not take this car of mules on this particular occasion because this train No. 130 at the time had fat stock on it for the market in St. Louis and that to have delayed in taking on the car at Francis or Mexico and cutting it off at Rush Hill would have delayed this train No. 130 in reaching St. Louis in time for the morning market there, for which market the cattle or stock that No. 130 was carrying was destined, and it was in evidence for appellant that the delivery at Rush Hill was within reasonable time.

The petition in the case, after the usual recitals, avers that defendant, in disregard of its agreement as a carrier to carry the stock well and safely and without delay and deliver it in as good condition as when received, and in violation of its agreement and disregard of its duty as a common carrier, "failed and neglected to deliver said property at its destination to plaintiff, his agents or assigns within a reasonable time and in as good condition as when it received it, but on the contrary, on account of its negligence and failure to exercise ordinary care, said mules were not delivered in good condition at all and were not delivered until late in the forenoon of——day, January, 1909, whereas, if said property had been carried and delivered with reasonable diligence and care it would and should have arrived in good condition at Rush Hill, Missouri, before 9 p. m. of the day before."

There were two other allegations in the petition; one to the effect that in moving the car defendant had carelessly and negligently and violently handled and jolted and jarred it and thereby bruised and injured the mules and that the delay and injury aforesaid was

caused and produced by the negligence and careless-
ness of defendant and also an averment that it was
negligence on the part of defendant in failing to water,
feed and care for the stock.   There was no evidence
under these two specifications and they were taken
from the jury by instructions given at the instance of
defendant, appellant here.

At the close of the testimony of respondent and
again at the close of all the testimony in the case ap-
pellant offered instructions in the nature of demurrers
to the evidence which were refused, appellant saving
exception.   At the instance of respondent the court
gave two instructions as follows:

"1.   The court instructs the jury that if you find
that in consequence of defendant's negligence, plain-
tiff's mules were injured, the jury ought to find the
issue for plaintiff and assess his damages at the act-
ual amount of injury or damage sustained by plain-
tiff, caused directly and solely by such negligence.

"2.   The court instructs the jury that if even
though you find from the evidence that the plaintiff
made a profit on the mules in question yet you
are instructed that you should find for the plaintiff
provided you find from the evidence that the mules
were damaged and that said damage was the direct
result of negligence on the part of defendant."

Appellant duly saved exception to the giving of
these and at its instance the court gave three instruc-
tions:  First, that it was not the duty of defendant to
water and feed the mules; second, that there is no
evidence that defendant negligently jolted and jarred
the car containing the mules, and plaintiff could not
recover on that ground; third, that it was not the duty
of defendant to unload the mules unless directed to do
so by the caretaker who accompanied the shipment and
the jury could not render a verdict on account of its
failure to unload the stock.

Appellant asked five other instructions which were refused. First, that train No. 130 was a fast stock train and that defendant was not negligent in not transporting the stock on that train from Mexico to Rush Hill, and the jury could not find a verdict against defendant on account of its failure or refusal to transport stock on that train. The second was to the effect that if the injuries complained of to the mules were caused by the vicious propensities of the animals, then the verdict should be for defendant, and that by "vicious propensities is meant the biting, kicking and rubbing by said mule or mules." The third was that the mere delay, if any, of the mules while in transit is not evidence of negligence on the part of defendant. Fourth, that if the mules in question were transported from Francis on the first train carrying stock to local points after it arrived at Francis, the verdict should be for defendant. Fifth, that there was no evidence that defendant negligently jolted and jarred the car containing the mules and the verdict must be in favor of defendant.

Appellant also asked two instructions which the court, over objection and exception by defendant, gave modified to read as follows, the modification by the court being underscored:

"1. The court instructs the jury that the burthen of proof is on the plaintiff to show that said alleged injuries, if any, to said mules were *the direct result of the negligence of the defendant, and were not the result of some other cause or the result of the vicious propensities of the animals.*"

"2. The court instructs the jury that if the injuries complained of to said mules, if any, were caused by the vicious propensities of said mule or mules, then your verdict must be in favor of the defendant. *Unless you further find from the evidence that such vicious propensities were excited, made active and in-*

*creased by some negligent act on the part of the defendant."*

There was a verdict in favor of plaintiff for $100, after which, interposing a motion for new trial and saving exceptions to that being overruled, defendant below has duly appealed to this court.

The only reversible error that we find in this record is that involved in the giving of plaintiff's instruction No. 1, which we have quoted in full above. The errors assigned to this instruction are, first, that it assumes that appellant is guilty of negligence. We do not agree to this assignment as we do not think that the instruction is susceptible of this construction.

It is also assigned as error to this instruction that it is vague and general and did not in any way inform the jury what act of the appellant would constitute negligence, if any, but left them to determine the law and wonder and speculate in their own minds, irrespective of any negligence pleaded in the petition as to what constituted negligence.

In Casey v. Bridge Co., 114 Mo. App. 47, 89 S. W. 330, an instruction almost identical with the one here given was before the Kansas City Court of Appeals and that court (l. c. 65) held that in submitting the issue of negligence to the jury, without in any manner instructing them as to what facts, if found, would constitute negligence, the court had left it to the jury to determine the law as well as the fact and this the Kansas City Court of Appeals held was reversible error, citing many cases in support of the ruling.

In Allen v. St. Louis Transit Co., 183 Mo. 411, 81 S. W. 1142, Judge Valliant, speaking for Division No. 1 of the Supreme Court, says (l. c. 432): "The instructions given at the request of the plaintiff do not specify any facts which, if found by the jury, would require a verdict for the plaintiff, but they leave the jury at liberty to find for the plaintiff if his injuries 'were caused by the failure on the part of said de-

fendant . . . . to exercise the high degree of care and foresight incumbent upon the carriers of passengers, as described in another instruction.'" Such an instruction, the court says is "equivalent to authorizing the jury to return a verdict for the plaintiff under any theory of negligence which they could construct or evolve out of their own minds." See also Dalton v. Redemeyer, 154 Mo. App. 190, l. c. 197, 133 S. W. 133; Magrane v. St. L. & Sub. Ry. Co., 183 Mo. 119, l. c. 132; Allen v. Transit Co., 183 Mo. 411, l. c. 432.

It is to be observed that in the case at bar this instruction No. 1 above quoted, is the only one in the case that makes any reference whatever to negligence and carelessness. In no other instruction was any particular negligence or carelessness, or facts which would constitute either, called to the attention of the jury.

We are compelled to hold that it was reversible error—error to the prejudice of appellant, to have given this instruction. This is the only reversible error we find, but for that error we are compelled to hold that the judgment of the circuit court must be and it is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.

