THOMAS P. GILLFILLAN, Appellant, v. GEORGE F. SCHMIDT, Respondent.

St. Louis Court of Appeals.   Submitted on Briefs October 8, 1912.
Opinion filed November 12, 1912.

1. **APPELLATE PRACTICE: Conclusiveness of Verdict.** A verdict rendered on conflicting evidence is conclusive on appeal.

2. **REAL ESTATE BROKERS: Action for Commissions: Instructions: Definiteness.** Where, in an action by a real estate broker for commissions for procuring a purchaser of real estate, the court, at plaintiff's instance, charged what the terms of sale of the property were to be, an instruction given for defendant,

that the burden of proof was on plaintiff to show that he procured a purchaser ready, able and willing to purchase on the exact terms fixed, was not objectionable as leaving the jury to determine what the contract was.

3. ————: ————: *Instructions.* Where, in an action by a real estate broker for commissions for procuring a purchaser of real estate, the broker and the customer procured by him testified to a proposal to purchase, materially different from the terms fixed by the owner, an instruction, that the broker, to recover, must procure a purchaser ready, willing and able to purchase on the exact terms fixed by the owner, was not erroneous.

4. ————: ————: ————: **Negotiations on Sunday: Commentary on Evidence.** An instruction, in an action by a real estate broker for commissions for procuring a purchaser of real estate, that if the broker brought a prospective purchaser to defendant on Sunday, the latter was not bound to accept him as a purchaser nor to enter into negotiations on that day, but if anything was said or done by defendant on that day, the fact that the day was Sunday "becomes immaterial and will not be considered by the jury," was not erroneous as to plaintiff, and was not an undue comment on a single fact.

Appeal from Warren Circuit Court.—*Hon. James D. Barnett,* Judge.

Affirmed.

*Jesse H. Schaper* and *Emil Roehrig* for appellant.

(1) The vice of instruction No. 1 is that it leaves to the jury to determine a question of law as to what constituted "the exact terms fixed by defendant and unless plaintiff has shown these facts by the greater weight of the evidence your finding will be for defendant." Dalton v. Redemeyer, 154 Mo. App. 190; Goodson v. Embleton, 106 Mo. App. 77; Nulton v. Croskey, 111 Mo. App. 18; Nichols v. Whiteacre, 112 Mo. App. 692. (2) The vice of instruction No. 2 is that it singled out one specific fact in a way as to give it marked or undue prominence, i. e., that part of the negotiations had between plaintiff and defendant took place "on the first day of the week commonly called Sunday."

Gibler v. Railroad, 129 Mo. App. 93; Chouquette v. Barada, 28 Mo. 491; Railroad v. Stock Yards, 120 Mo. 541; Mead v. Brotherton, 30 Mo. 201; Lafayette Bank v. Metcalf, 29 Mo. App. 384. (3) A real estate broker earns his commission when he finds and produces to the seller a buyer upon the terms upon which the broker is authorized to negotiate the sale. Forsyth v. Albright, 149 Mo. App. 515; Herrick v. Woodson, 143 Mo. App. 264; Herrick v. Maness, 142 Mo. App. 399; Brown v. Smith, 113 Mo. App. 59; McCray & Son v. Pfost, 118 Mo. App. 672. To produce a purchaser, it was not necessary that plaintiff should exhibit him in person to defendant. It is enough that defendant knew that there was such a purchaser. McCray & Son v. Pfost, supra.

*T. W. Hukriede, J. W. Delventhal* and *E. Rosenberger & Son* filed argument for respondent.

REYNOLDS, P. J.—This action, instituted before a justice of the peace to recover commissions on the sale of land, being determined there against plaintiff, was appealed to the circuit court, where on a trial *de novo* before the court and a jury, a verdict was again returned in favor of defendant, judgment following, from which plaintiff, filing his motion for a new trial and saving exceptions to that being overruled, has duly perfected appeal to this court.

The verdict is challenged by the learned counsel for appellant as unsupported by the evidence, and further that the evidence introduced at the trial did not support the instructions given at the instance of defendant. As is usual in transactions, the proof of which rests wholly in parol, the evidence was somewhat conflicting but not irreconcilable. We cannot say, on reading it, that there was no evidence to support the verdict. Even admitting that it was serious-

ly conflicting, it is clear that the jury believed that offered and introduced by defendant in the case. To do that was entirely within their province.

Nor can we agree that the instructions given at the instance of defendant were unsupported by the evidence.

The most serious complaint is levelled against an instruction given at the instance of defendant, to the effect that the burthen of proof in the case is upon plaintiff to show by the greater weight of the evidence that he procured a purchaser for defendant's farm; that that person was ready, financially able, and willing to purchase defendant's farm on the exact terms fixed by defendant, and unless plaintiff had shown these facts by the greater weight of the evidence, their finding should be for defendant. It is complained of this instruction and of the following ones, which embody in different form this same direction, that they are in direct conflict with what is said by this court in Dalton v. Redemeyer, 154 Mo. App. 190, 133 S. W. 133. If these instructions stood alone in referring to the contract, they might be subject to this criticism. But the analogy between this case and the Dalton case fails when the instruction given at the instance of plaintiff is considered. In that instruction the court told the jury, at the instance of plaintiff himself, exactly what the terms of the sale of the farm were to be. Hence it cannot be said, as was said in the Dalton case, that the jury were left to grope in the dark to determine what the contract between the parties was.

It is further assigned as error that the court told the jury that plaintiff to recover should have procured a purchaser ready, willing and able to purchase the farm, "on the exact terms fixed by defendant." That might be error if it were not for the fact that by plaintiff's own testimony and that of his customer, it appears that that customer and the plaintiff proposed to

conclude the purchase on terms which were not only not exactly as authorized by defendant, but were very materially different. With this in evidence, we do not think the error is, in this case, reversible error.

Criticism is levelled at one of the instructions which told the jury that if they believed that plaintiff brought a person named as prospective purchaser, who was a customer of plaintiff, on Sunday, then defendant was not bound to accept him as a purchaser or enter into negotiations on that day, but if they found that anything was said or done by defendant on that occasion, the fact that the day was Sunday "becomes immaterial and will not be considered by the jury." We see no cause for complaint by plaintiff as to this. It is urged, however, that it is an undue comment on a single fact. We do not think so.

Finding no error to the prejudice of plaintiff in the record in the case or in the instructions given, nor in the action of the court in overruling the motion for new trial, the judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.