## KATIE DUNNAGAN, Appellant, v. WALDO BRIGGS, Respondent.

**St. Louis Court of Appeals, February 4, 1913.**

1. **HOSPITALS: Action for Death of Patient: Instructions: Roving Commission.** In an action under the Damage Act against the proprietor of a hospital for negligent failure to guard and watch a patient, who, while temporarily insane, jumped from a window and received fatal injuries, the court instructed the jury to find for plaintiff if the patent died as a result of the injuries thereby sustained, or if defendant neglected promptly and properly to attend to and treat his injuries and the death resulted from such negligence, but what would constitute "prompt and proper treatment" was not defined. *Held,* that the instruction was erroneous in leaving the jury to determine what was "proper treatment."

2. **DEATH BY WRONGFUL ACT: Damages: Instructions: "Aggravating Circumstances."** In an action under the Damage Act against a hospital proprietor for negligent failure to guard and watch a patient, who, while temporarily insane, jumped from a window and received fatal injuries, an instruction to consider, in determining the amount of damages, the mitigating and aggravating circumstances, if any, attending the wrongful act or neglect was erroneous; it being proper to take aggravating circumstances into consideration only where punitive or exemplary damages are recoverable.

Appeal from St. Louis City Circuit Court.—*Hon Hugo Muench,* Judge.

AFFIRMED AND REMANDED.

*Henry. H. Oberschelp* for appellant.

(1)  Such words as "promptly" and "properly" and "mitigating" and "aggravating" require no definition.  "We must accord the jury at least ordinary intelligence and understanding."  Kischman v. Scott, 166 Mo. 214, 228.  (2)  The words "promptly" and "properly" must not be taken alone.  As part of the phrase "neglected promptly and properly to attend to and treat his said injuries," they were very clearly explained and defined in instruction 2, defining "ordinary care" and "negligence" and determining the required standard in words and phraseology so often used and even more precise than some definitions which have been heartily approved.  Wheeler v. Bowles, 163 Mo. 398.  (3)  There was no need of defining "mitigating and aggravating circumstances" in the instruction on the measure of damages.  That instruction, given at the court's own instance, follows the exact, language of the statute and is sufficient. Downs v. Telephone Co., 161 Mo. App. 274.  (4)  Any such alleged error in either instruction amounted to mere nondirection, and in the absence of any more specific instruction requested by defendant was not error.  Kirby v. Lower, 139 Mo. App. 677; Sampson v. Railroad, 156 Mo. App. 419; Brown v. Transit Co., 108 Mo. App. 310; Kischman v. Scott, 166 Mo. 214.

*Jones, Hocker, Hawes & Angert* and *C. Porter Johnson* for respondent.

(1)  It is error to submit questions of law to the jury, and instruction 1, given by the court on behalf of plaintiff, is erroneous because it leaves it for the jury to determine for themselves what was or was not "prompt and proper treatment."  Stevens v. Crane, 37 Mo. App. 487; Miller v. Shoe Co., 26 Mo. App. 57; Lesser v. Railroad, 85 Mo. App. 326; Dunn

v. Dunnaker, 87 Mo. App. 579; Kendall v. Bain, 46 Mo. App. 581; Jourdan v. Moulding Co., 72 Mo. App. 325; Speak v. Dry Goods Co., 22 Mo. App. 122; Estes v. Fry, 22 Mo. App. 80; Hickey v. Ryan, 15 Mo. 63; Linville v. Welch, 29 Mo. 203; Vogel v. Starr, 132 Mo. App. 430; Turner v. Snyder, 139 Mo. App. 656; Fugitt v. Nixon, 44 Mo. 298; Rowen v. Railroad, 82 Mo. App. 24; Miller v. Railroad, 56 Mo. App. 72; Freet v. Railroad, 63 Mo. App. 548; Zimmerman v. Railroad, 71 Mo. 476; Royhourn v. Phillips, 140 S. W. 977; Crofoot v. Railroad, 77 N. Y. S. 389, 75 App. Div. 157. (2) In actions brought for the wrongful death of another it is error to permit the jury, in assessing damages, to take into consideration any "aggravating circumstances" attending the death of the deceased, except where punitive or exemplary damages are allowed on account of wilfulness, wantonness, recklessness or conscious negligence. This principle was violated by instruction 3. Boyd v. Railroad, 236 Mo. 54; Barth v. Railroad, 142 Mo. 535; Parsons v. Railroad, 94 Mo. 286; McGowan v. Ore & Steel Co., 109 Mo. 518; Nichols v. Winfrey, 79 Mo. 544; Rains v. Railroad, 71 Mo. 164; Morgan v. Durfree, 69 Mo. 469.

ALLEN, J.—This is an action brought by plaintiff for the wrongful death of her husband, Charles Dunnagan. The suit, as originally instituted, was against the respondent and two corporations. Plaintiff suffered nonsuit as to the corporations, and the cause proceeded to trial, verdict and judgment against the respondent.

At the time plaintiff's husband received the injuries which it is alleged resulted in his death, defendant was a physician and surgeon, and owned and conducted a hospital on Jefferson avenue and Gamble street in the city of St. Louis, Missouri. On Friday, September 9, 1910, plaintiff's husband was received as a patient at said hospital and accepted as such by defendant for

treatment.  At the time that plaintiff's said husband entered the hospital he was suffering from alcoholism. The next day he became delirious, and during the remainder of the time that he was at the hospital he was suffering from delirium tremens.   Upon being received into the hospital he was placed in a room on the second floor of the building.   This room had a window, with low sill and without bars or guard.   There was evidence that plaintiff's husband, while in the hospital, was nervous, and would walk about the room and halls, imagined that he saw beer bottles and such things, and that he saw people coming into his room, and that he spoke about the window in his room being a door.  It appears from the evidence that on Monday night following his entrance into the hospital, he was tied to his bed with sheets, because he imagined that he saw persons at the window of his rooms.   During the absence of the nurse who had him in charge, he freed himself, broke the glass of the window of his room and leaped from the window, landing upon the pavement some twelve feet below, sustaining injuries as a result of which, as plaintiff claims, he died a few days later.

The negligence charged in the petition is the failure of defendant to exercise ordinary care and to guard and watch plaintiff's said husband "and to place him so that he could not injure himself and so injury could not happen to him" and in failing "to promptly and properly attend to and treat his said injuries."

The cause was tried before the court and a jury, and was submitted to the jury under instructions, of which but two need be noticed.  There was a verdict for the plaintiff for $2000, and within due time the defendant filed his motion for a new trial, assigning thirty-three grounds therefor.  Defendant's said motion for a new trial coming on to be heard, the court sustained the same on the twelfth and twenty-eighth

grounds thereof, and made an order granting defendant a new trial, from which order plaintiff has appealed to this court.

The two said grounds upon which the court sustained defendant's motion for a new trial were: (1) The giving of instruction No. 1, given at plaintiff's request, and (2) the giving of instruction No. 3 by the court of its own motion.

Instruction No. 1 given at plaintiff's request is as follows:

"The court instructs the jury that if you believe and find from the evidence in this case that at the time in question, to-wit, September, 1910, Charles Dunnagan was suffering from alcoholism, that defendant Waldo Briggs was then a physician and surgeon, and conducted or managed a hospital at Jefferson avenue and Gamble street in this city of St. Louis, Missouri, that as such, said defendant Waldo Briggs, either himself or by his agents and servants, for a valuable consideration received and accepted said Dunnagan as a patient for treatment for alcoholism; that while thus in said charge and care and under said treatment said Charles Dunnagan became and was insane; that said defendant knew; or by the exercise of ordinary care could have known, said insane condition of said Charles Dunnagan, and that by reason thereof he required special guarding or treatment; that notwithstanding such knowledge the defendant Waldo Briggs failed and neglected to exercise ordinary care to guard and watch said patient and to place him so he could not injure himself and so that injury could not happen to him, and that as a direct result of said insane condition of said Charles Dunnagan and of such negligence, if any, of said defendant on September 12, 1910, at said hospital in the city of St. Louis, Missouri, said Charles Dunnagan fell out of and from an upper story window and was thereby seriously injured; that as a direct result of said injuries, said Charles Dunnagan

died on September 14, 1910, or that if he did not die as a direct result of said injuries, that defendant Waldo Briggs, after being informed of such injury, *neglected promptly and properly to attend to and treat his said injuries,* and that his death was a direct result of such negligence and the aforesaid injuries, if any, and that plaintiff at said time was the wife of and is now the widow of said Charles Dunnagan, deceased, and brings this suit within six months after said injuries and death, then you should find your verdict for plaintiff against said defendant, Waldo Briggs.''

We think that this instruction should not have been given, without defining what would constitute ''prompt and proper treatment,'' unless the same were defined or explained elsewhere in the instructions, which was not done. To leave it to the jury to determine what was *proper* treatment, without more, would, in our judgment, be quite as objectionable as to submit the question of whether the act were negligent, without anywhere defining this term. Of the latter this court said in Raybourn v. Phillips, 160 Mo. App. l. c. 541, 160 S. W. 977: ''This court, as well as the Supreme Court, in many cases has held that it is erroneous to submit to the jury the question of negligence or whether an act was done negligently, unless the term negligence has been defined in some other instructions given. [Dalton v. Redemyer, 154 Mo. App. 190, l. c. 197, 133 S. W. 133; Cornett v. Chicago & Alton Ry. Co., 158 Mo. App. 360, 138, S. W. 51, l. c. 53, and cases there cited; Magrane v. St. Louis & Suburban Ry. Co., 183 Mo. 119, l. c. 132, 81 S. W. 1158; Allen v. St. Louis Transit Co., 183 Mo. 411, l. c. 432, 81 S. W. 1142.] There was no definition of actionable negligence, as here involved, submitted to the jury by any instruction.''

Appellant insists that it was not necessary to define the words ''promptly'' and ''properly,'' since

negligence was defined, and furthermore that defend-ant cannot complain of the error, if error it was, be-cause defendant adopted the same terms in an in-struction offered by him but *refused*. It is unneces-sary however to discuss these questions, for it is im-material, as we view it, whether there was such error in the giving of this instruction as would warrant granting a new trial, for the reason that the same was properly granted for error in giving instruction No. 3. That instruction is as follows:

"If your finding herein be in favor of the plain-tiff, you may in your verdict award to her such dam-ages, not exceeding ten thousand dollars, as you may deem fair and just, with reference to the necessary in-jury resulting to the plaintiff from such death, *and also having regard to the mitigating and aggravating circumstances, if any, attending such wrongful act, neglect or default, if any, of the defendant.*"

Under the pleadings and evidence in the case, it was manifestly error to instruct the jury to take into consideration "aggravating circumstances," inde-pendent of any other criticism that may be levelled at this instruction. In Boyd v. Railroad, 236 Mo. l. c. 93, 139 S. W. 561, the court said: "It is error to instruct the jury to take into consideration aggravat-ing circumstances except in cases where punitive or exemplary damages are allowed on account of willful-ness, malice, wantonness, recklessness or conscious negligence or wrong intent. [Parsons v. Railroad, 94 Mo. l. c. 299, Morgan v. Durfee, 69 Mo. l. c. 478; Barth v. Railroad, 142 Mo. l. c. 558.]"

For the reasons given above the order of the cir-cuit court granting a new trial should be affirmed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.