McMAHON v. PACIFIC EXPRESS COMPANY, *Appellant.*

132    641
99a .³332

### Division Two, March 3, 1896.

1. **Practice:** SELECTION OF JURY: STATUTE: CONSTITUTION. The act of the general assembly of April 1, 1891 (Laws, p. 172), providing for and designating the manner of selecting petit jurors and prescribing their qualifications, is constitutional. (*Dunne v. Railroad,* 131 Mo. 1, and *Sherwood v. Railroad, ante,* p. 339, affirmed.)

2. ————: ADMISSION OF IMMATERIAL EVIDENCE: HARMLESS ERROR. The admission of immaterial evidence which is harmless will not constitute reversible error.

3. **Negligence.** Negligence consists in doing something which a reasonably prudent man would not have done under the circumstances, or in failing to do something which a reasonably prudent man, under the circumstances, would have done.

4. **Negligence:** STREET COLLISION: CONTRIBUTORY NEGLIGENCE: INSTRUCTION. An instruction, in an action for personal injuries, sustained by plaintiff by colliding with defendant's wagon, while driving on the street, is erroneous where it authorized a recovery if defendant's driver failed to turn to the right, as required by ordinance, and such failure was the cause of the injury, but contained no qualification as to plaintiff's contributory negligence, there being evidence tending to show contributory negligence on his part.

5. ————: ————: ————: ————: PRACTICE. Where the issue in an action for damages for personal injuries was as to whether the negligence of the plaintiff or the defendant caused the injury, an instruction which defined the duty of one without defining the correlative duty of the other was misleading and erroneous, and this is true notwithstanding no instruction correcting the defect was requested.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.
VOL. 132 mo—41

*Beebe & Watson* for appellant.

(1) The court erred in overruling defendant's motion to quash the panel. The law of 1891 is unconstitutional. The act of 1891, in Session Laws of 1891, page 172, is invalid and unconstitutional, on the following grounds: *First.* Said act is contrary to article 4, section 53, constitution of Missouri, in that it is a special and local law regulating the affairs of counties, cities, etc., * * * regulating the practice of courts * * * and the summoning and impaneling of grand and petit juries. *State ex rel. v. County Court*, 89 Mo. 237; *Murnane v. St. Louis*, 27 S. W. Rep. 711. See, as confirmative of the correctness of the views of this court in the above cases, the following authorities: *Welsh v. Bramlet*, Sup. Ct. Cal. 1893, in 33 Pac. Rep. 66; *Devinne v. Commissioners*, 84 Ill. 590; *Appeal of Ayers*, 122 Pa. St. 266; *McCarty v. Commonwealth*, 110 Pa. St. 243; *Appeal of City of Scranton, etc.*, 113 Pa. St. 176; *Morrison v. Bochert*, 112 Pa. St. 322; *Lorenz v. Alexander*, 87 Ga. 444; *People v. Supervisors*, 43 N. Y. 10; *Knickerbocker v. People*, 102 Ill. 218; *In re Abner R. Scranton*, 74 Ill. 161; *Braggs v. People*, 78 Ill. 328. *Second.* The panel herein was not drawn or summoned as required by the act of 1879, providing for jury commissioner in cities having over one hundred thousand inhabitants. Laws, Missouri, 1879, page 28. The United States census for 1890 gives Kansas City a population of one hundred and thirty-two thousand, seven hundred and sixteen. This court takes judicial notice of census statistics. *State v. County Court*, 89 Mo. 237. *Third.* The act of 1891, complained of, is contradictory both in letter and in spirit to the general laws of state regarding jurors. By section 6060, page 1442, Revised Statutes, Missouri, the qualifications of a juror are that he shall be a citizen of the state, resident of the county, over twenty-one years of age, sober, intelligent, and of

good reputation.  The act of 1891, section 8, disfranchises by forbidding that they serve as jurors, about all the educated classes of the state, and puts in one category the lawyer, the physician, the scholar, the vagrant, and the felon.  Such is neither the policy of the law nor of civilization.  By the general law, section 6062, additional privileges to ordinary citizenship are conferred upon lawyers, the clergy, and others in that they shall not be compelled to serve as jurors.  The distinction thus made is radical.  Where the law, as in this state, declares in effect that qualified voters are qualified jurors, this qualification can not be restricted, and no other qualification can be lawfully required.  Thompson on Trials, secs. 10, 40; Thompson and Merriam on Juries, page 21; Bacon's Abridgment, "Juries E. 6."  That a party to a cause has a right to inquire into the qualifications of jurors, see Cooley, Const. Lim. [6 Ed.], page 505.  And trial by jury means a common law jury, with all common law incidents.  Cooley, Const. Lim. [6 Ed.], page 389; 2 Lalor's Cyclopedia of Political Science and United States History, page 657; *Strauder v. West Virginia,* 100 U. S. 308.  (2) The court erred in giving plaintiff's first instruction.  It is too general.  *Ravenscroft v. Railroad,* 27 Mo. App. 617.  (3) Plaintiff's fourth instruction is also erroneous inasmuch as it does not define the relative duties of the parties as provided in the ordinance introduced in evidence.  It permits a recovery if defendant did not turn to the right, although the plaintiff himself were guilty of the same breach of duty.  (4) The court should have given defendant's instruction number 1.  There was no negligence proven.  (5) The court should have given defendant's instruction number 2.  The instruction as modified by the court is misleading and erroneous.

*Byron Sherry* and *Roland Hughes* for respondent.

(1) The motion to quash the panel of jurors was properly overruled. *First*, because filed out of time. Revised Statutes of 1889, sec. 2086; *State v. Underwood*, 76 Mo. 630; *Valle v. Picton*, 16 Mo. 178; *Paddock v. Somers*, 102 Mo. 235. *Second*. Because no evidence was introduced in support of the motion. *Dougherty v. Dougherty*, 31 Mo. 255; *State v. McDaniel*, 94 Mo. 301. *Third*. Because the presumption is that the motion was filed after the cause was called for trial. (2) The court did not err in permitting the witness Edward McMahon to testify to the fact that the driver of the express wagon, at the time of the collision, made no stop, but drove right on. *First*. It was a part of the *res gestae*, and was admissible for that reason. *Second*. The objection was general. *Third*. The defendant proved the same fact by its own witness, the driver of the express wagon. The same fact was proved by the witness Hamner, without objection. *Schluter v. Wiedenbrocker*, 23 Mo. App. 440; *Father Matthew Soc. v. Fitzwilliams*, 84 Mo. 406; *Leeser v. Boekhoff*, 38 Mo. App. 445; *Reno v. Kingsbury*, 39 Mo. App. 240; *Reber v. Tower*, 11 Mo. App. 199; *Binney v. Sharp*, 78 Mo. 73. (3) The objection that plaintiff's first instruction is too general, is not tenable. The first and second instructions taken together contain all the precision necessary. *Brown v. Railroad*, 13 Mo. App. 462; *State to use v. Donnelly*, 9 Mo. App. 520; *State v. Emery*, 79 Mo. 461. Plaintiff's fourth instruction was not erroneous. *First*. If defendant desired to have the correlative duty of the plaintiff defined, it is its duty to ask the court to instruct on that phase of the case. *Second*. No contributory negligence was pleaded, or claimed in the case. *Third*. The instruction only authorized a recovery, if the defendant's

failure to turn to the right was the cause of the accident. It does not authorize a recovery for an accident caused by the plaintiff's failure to turn to the right. (5) Defendant's first instruction was a demurrer to the evidence, and was properly refused. *Carpenter v. McDavitt*, 53 Mo. App. 401; *Nichols v. Nichols*, 39 Mo. App. 291; *Goodson v. Railroad*, 23 Mo. App. 76. (6) Defendant's second instruction ought to have been refused. But it was given in a modified form, which did not in any sense change its meaning, and defendant can not complain. *Meyers v. Diamond Joe Line*, 58 Mo. App. 199; *Crawford v. Armstrong*, 58 Mo. App. 214; *Desberger v. Harrington*, 28 Mo. App. 632; *Jenkins v. Railroad*, 32 Mo. App. 552.

BURGESS, J.—This is an action for damages for personal injuries sustained by plaintiff, resulting from the collision between two wagons moving in adverse directions, on Sixth street in Kansas City, Missouri. There was a verdict and judgment for plaintiff in the sum of $1,000, from which said judgment defendant appealed.

On the nineteenth day of March, 1892, the plaintiff, who was then about seventeen years of age, was driving a light delivery wagon westerly on Sixth street, in said city, near the north curbing of said street. There was at the same time a buggy standing against the same curbing. When plaintiff approached this buggy he pulled to the left in order to pass it. At the same time a heavy one horse express wagon, owned by defendant and driven by its servant and employee, came from the west along near the center of the street, the horse drawing the same being in a swift trot. When near the buggy, defendant's wagon pulled to the left, across the north track of the street railway; this was at the same instant that plaintiff turned around

the buggy to pass it, at which time the express wagon was about ten to fifteen feet from plaintiff's wagon.

The wagons collided resulting in breaking the shafts to plaintiff's wagon, precipitating him to the street, breaking his left leg below the knee, and otherwise injuring him. The evidence was somewhat conflicting as to who was in fault, the plaintiff, or the driver of defendant's wagon, or both. The evidence on part of plaintiff shows that he was not in fault.

When the case was called for trial defendant moved the court to quash the panel of jurors, upon the ground that the law under which they were drawn and summoned is unconstitutional, which motion was overruled, and in this ruling defendant contends error was committed.

The jurors were selected and summoned in accordance with the provisions of an act of the general assembly, entitled "An act providing for and designating the manner of selecting petit jurors, and prescribing their qualifications, etc." Approved April 1, 1891. The constitutionality of that law has been passed upon by both divisions of this court, and in each instance it has been held to be valid. *Dunne v. Kansas City Cable R'y Co.*, 131 Mo. 1; *Sherwood v. Railroad, ante*, p. 339. It would, therefore, seem that the question ought to be regarded as settled.

Plaintiff testified as a witness in his own behalf, and was permitted to state, over defendant's objection, that after defendant struck his wagon he kept on going down to May street and then stopped and came back. The objection to this evidence was that it was immaterial, and did not tend to *disprove* any issue in the case. We are unable to see the materiality of this evidence. It is clear that it did not tend to prove the allegations in the petition, but we can not conceive in what manner the defendant could have been prejudiced

by its admission and the judgment should not be reversed on that ground.

At the instance of plaintiff the court over the objection and exception of defendant instructed the jury as follows:

"1.   If the jury find from the evidence, that on the nineteenth day of March, 1892, the defendant was engaged in the express business in the city of Kansas City, Missouri, and, in carrying on its said business, in said city, it owned and made use of certain horses and wagons, and that on said day, a driver in the employ of the defendant, while driving a team attached to a wagon of the defendant, along and upon Sixth street in said city in the business of the defendant, negligently and carelessly caused its said wagon to collide with a wagon, in which wagon the said Edward J. McMahon was at the time, and that in consequence of said collision, the said Edward J. McMahon was, without fault or negligence on his part, injured, then the verdict of the jury should be for the plaintiff.

"2.   Negligence as used in the foregoing instruction means that the party guilty thereof has done something which a reasonably prudent man under the circumstances would not have done, or failed to do something which a reasonably prudent man under the circumstances would have done.

"3.   If the jury find from the evidence and under the instructions of the court, that the plaintiff is entitled to recover in this action they will, in assessing his damages, take into consideration the nature and extent of the injury proven, whether the said injury is permanent or not, the physical pain and mental anguish, if any, resulting therefrom, and as compensation therefor, assess his damages in a sum not exceeding ten thousand dollars.

"4. The court instructs the jury that it was the duty of defendant's teamster, when he met the plaintiff on Sixth street, in this city, to turn to the right of said street, if it was practicable to do so, so as to enable his wagon and that which the plaintiff was driving to pass each other without a collision, and if you believe from the evidence that defendant's driver failed and neglected to so turn his team to the right of said street, when it was practicable to do so, and that such failure and neglect was the cause of the collision, and that the plaintiff was injured thereby, then you should find for the plaintiff."

Defendant insists that the first instruction is too general, and that the fourth authorizes a recovery if defendant's driver did not turn to the right, although plaintiff himself may not have been doing so at the time of the collision. Upon the other hand it is contended that when plaintiff's first and second instructions are taken together they contain all the precision necessary, and that if his fourth instruction is erroneous, if defendant desired to have the correlative duty of plaintiff defined, it was his duty to ask the court to instruct on that phase of the case, and in any event the instruction only authorized a recovery, if the defendant's failure to turn to the right was the cause of the accident.

We see no objection to plaintiff's first instruction when taken in connection with his second. The first is as broad as the allegations in the petition with respect to the negligence of the defendant, and the second correctly defines negligence in accordance with repeated rulings of this court.

By an ordinance of said city which was read in evidence by plaintiff, it is provided that when persons meet each other in vehicles in any street, each person so meeting shall turn to the right of such street, so as

to enable such vehicles to pass each other without collision. It is upon this ordinance that plaintiff's fourth instruction is based.

While the duties of plaintiff and the driver of defendant with respect to each other were mutual under said ordinance, that is, to turn to the right on meeting, the instruction tells the jury if defendant's driver failed to turn to the right on meeting plaintiff's wagon, and thereby caused the injury, they will find for plaintiff, thereby authorizing a recovery by plaintiff, whether he was in observance of the law at the time or not.

No other instruction cured this defect, and upon it alone the jury may have made their verdict. The evidence on the part of defendant tended to show that plaintiff himself was in fault, and contributed directly to his own injury. In *Goetz v. Railroad*, 50 Mo. 472, it is said: "If the plaintiff has shown a state of facts that, of themselves and alone, would authorize a verdict, and other facts were claimed to have been proved by defendant, that would control these facts and require a different one, it would be a misdirection to direct a verdict upon plaintiff's showing merely." Here the facts proved by defendant tended to control those shown by plaintiff and to require a different result. Moreover, it might well be inferred from this instruction that the court was of the opinion that there was no evidence tending to show that plaintiff was guilty of negligence contributing to his injury, while there was some evidence on the part of defendant tending to show that he was, which should have been submitted to the jury. It is no answer to this contention to say that if defendant desired to have the correlative duty of plaintiff defined, it was his duty to ask the court to instruct on that phase of the case. As the instruction was the only one given on that question it should have

embraced all the facts with respect of the acts of the different actors.

The answer avers that "any injuries received by plaintiff, if any, were occasioned by the careless, negligent, and wrongful acts of plaintiff in driving at the time of the alleged injury, which directly contributed thereto." The allegations in the answer were denied by plaintiff in his reply thereto, which clearly presented the issue of negligence of the respective parties, upon which the evidence was conflicting, hence we think the whole case was not fairly submitted to the jury. If plaintiff was guilty of negligence contributing directly to his injury he is not entitled to recover.

There was no error in refusing defendant's second instruction as asked, and in modifying and then giving it as modified. As it was asked it presented a mere abstract proposition, and by the modification was made applicable to the facts in evidence. The evidence was sufficient to entitle plaintiff to have his case go to the jury, and there was therefore no error in refusing the instruction interposed by defendant in the nature of a demurrer to the evidence. The judgment is reversed, and the cause remanded. GANTT, P. J., and SHERWOOD, J., concur.