## GEORGE RAYBOURN, Respondent, v. J. W. PHILLIPS, Appellant. .

St. Louis Court of Appeals.   Argued and Submitted October 11, 1911.   Opinion Filed November 7, 1911.

1. NEGLIGENCE: Automobiles: Injuries from Collision: Pleading: Petition Construed.  In an action for damages sustained as a result of plaintiff's team being struck by defendant's automobile on a public highway, *held*, that the only charge of negligence set out in the petition is excessive speed.

2. ————: Instructions: Plaintiff's Instructions: Failure to Submit Contributory Negligence.  In a negligence action, where a defense of contributory negligence is pleaded in the answer and supported by the evidence, it is reversible error, where no instruction on this defense is given, to give instructions authorizing a verdict for plaintiff without qualifying his right to recover, if, under the evidence, it be found he was guilty of contributory negligence.

3. ————: Instructions: Broadening Issues.  In an action for damages sustained as a result of plaintiff's team being struck by defendant's automobile, where the only charge of negligence set out in the petition was excessive speed, it was error to instruct the jury that they could find for plaintiff if they believed defendant failed to keep a vigilant watch while operating his automobile and that such failure caused the collision.

4. ————: Instructions: Roving Commission: Failure to Submit Constitutive Facts.  In a negligence action, instructions to find for plaintiff if the jury found from the evidence that the accident "was caused by the negligent acts of defendant," without specifying what those negligent acts were, are erroneous, in leaving it to the jury to rove through the evidence, or even outside of it, and determine what was actionable negligence.

5. ———: Instructions: Failure to Define "Negligence." In a negligence action, an instruction which submits to the jury the question of negligence or whether an act was done negligently, without the term "negligence" being defined in some instruction, is error.

6. ———: Instructions: Broadening Issues. In an action for damages sustained in a collision between plaintiff's team and defendant's automobile, it was reversible error to charge the jury to find for plaintiff if they found defendant failed to provide his automobile with suitable brakes, signal devices and lights, and that by such failure he collided with plaintiff's team, when no such issue was made by the pleadings nor warranted by any evidence rightfully in the case.

7. ———: Automobiles: Injuries from Collision: Statute Regulating Operation: Instructions. In an action for damages sustained in a collision of an automobile with a team, an instruction that the jury should find for plaintiff if they believed "that the speed at which defendant was driving his said machine, at the time of the accident was greater than that prescribed by law, under the circumstances, said speed being greater than is reasonable having regard for the traffic and the highway, and that same rate of speed exceeded fifteen miles per hour," not only does not follow section 8519, Revised Statutes 1909, regulating the operation of automobiles, but is so confusing as to amount to a misdirection.

8. ———: ———: ———: ———: Evidence: Speed. In an action for damages sustained in a collision with an automobile, evidence that the automobile was traveling at the rate of twenty miles an hour when it came to a hill did not establish that it kept up that rate while ascending the hill; and such evidence was not sufficient to prove that the automobile was traveling at a greater rate of speed than fifteen miles per hour, in violation of section 8519, Revised Statutes 1909, at the time of collision, which occurred at the summit of the hill.

9. ———: ———: ———: ———: ———: Speed: Question for Jury. In an action for damages sustained in a collision of an automobile with a team, whether a speed of the automobile of ten miles an hour was a greater rate of speed than was reasonable, having regard to the surrounding circumstances, within section 8519, Revised Statutes 1909, held, a question for the jury, under proper instructions.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Ely, Kelso & Miller* for appellant.

(1) The court was in error in trying this case throughout, for it was submitted to the jury, over the objections and exceptions of the defendant, both as to the testimony and the instructions given at the instance of plaintiff without regard to the allegation of negligence relied upon by plaintiff in his petition, and wholly disregarding the plea of contributory negligence set up by the defendant. Ellis v. Railroad, 17 Mo. App. 126; Grocery Co. v. Railroad, 89 Mo. App. 534; Aston v. Transit Co., 105 Mo. App. 226; McCarty v. Hotel Co., 144 Mo. 397; Chitty v. Railroad, 148 Mo. 75. (2) The court erred in giving instruction numbered five at the instance and request of plaintiff, over the objection and exception of defendant. This instruction told the jury that if the defendant failed to keep a vigilant watch or lookout while operating his car upon one of the public highways of the county, then their verdict should be for the plaintiff. The instruction also authorized the jury to find for plaintiff if they believed the injury was caused by the "negligent acts" of defendant. The expression "negligent acts" is not defined in this nor any other instruction given in the case. This should have been defined or explained and limited to the negligence specifically complained of in the petition, and there is no testimony whatever to warrant the instruction clear outside of the pleadings as to a vigilant watch or lookout. See authorities cited under point 1. Magrane v. Railroad, 183 Mo. 132. .

*Orren Wilson,* for respondent, filed argument.

REYNOLDS, P. J.—This action was commenced in the circuit court of Cape Girardeau county by plaintiff against defendant, to recover damages for injury to a mule. From a judgment for $145 in favor of plaintiff, defendant appealed to this court, from which

the cause was transferred to the Springfield Court of
Appeals under the provisions of the Act of the Gen-
eral Assembly of the state (Laws 1909, p. 396, now
section 3939, R. S. 1909, but before submission to that
court was transferred back to this court in consequence
of a decision of the Supreme Court in State ex rel.
St. Louis Dressed Beef & Provision Co. v. Nixon et al.,
232 Mo. 496, 134 S. W. 538, and was argued and sub-
mitted to us by counsel for the respective parties.

Along with his brief on the merits, counsel for
respondent files a motion to dismiss the appeal, claim-
ing that it does not appear by the abstract of the rec-
ord, either that motions for new trial and in arrest
had been filed or when they were filed in the circuit
court. That motion is disposed of by saying that the
printed abstract of the record before us shows these
facts with sufficient accuracy to render the point un-
tenable.

Turning to the case itself, the petition upon which
it was tried, after stating with great prolixity the
fact that defendant was a common carrier of passen-
gers and was running an automobile owned by him
along a public road, at the time going from Jackson
to Cape Girardeau, and that plaintiff was driving his
wagon and team of mules along the same road from
Cape Girardeau to Jackson, avers that when about
half way between the two cities the automobile and
the team met and in passing the automobile ran
against one of the mules plaintiff was driving and
broke its leg. We will give plaintiff the benefit of his
petition, so far as it contains the averment of negli-
gence, word for word and exactly as printed in the
abstract. It is as follows: That "the defendant, his
agents, servants, and the owner of said automobile,
and in charge of same, automobile car driven by motor
power, so carelessly, negligently, maliciously, wan-
tonly, and refused to use ordinary, care and diligence,
prudence, in the premises, and with impunity, con-

ducted themselves, and the speed, and movements of said engine, propelling, said motor car, and the movements, and speed of said automobile car, in the operation of said car, then and there in charge of the defendant, his agents, servants, employee, and owner.

"And that by the reason wanton, negligent, unskillfulness and want of ordinary care prudence, and diligence, did with great force, violence, while the defendant was operating his system of automobiles, line of cars, at a great and dangerous rate of speed, far in excess of the speed limit prescribed by law, under the circumstances, and premises run said automobile, then in charge of the defendant upon against, over, and come in direct contact with, with great force, and hit, bruise, wound, lacerate, one of the mules of plaintiff, while being drove, upon the aforesaid public road highway thoroughfare, aforesaid, and circumstances, and premises as aforesaid, thereby, with sufficient force, and power to break, the leg of his mule, whereby said animal was deprived of the use of, one leg, and felled, and knocked down, and permanently wounded, and injured, rendering same unfit for service, as a sales animal, and totally unfitting said animal for service, to its owner, this plaintiff, as a work animal, and thereby this plaintiff has lost the use of and the value of said animal, as its usefulness has been totally destroyed." Actual damages are laid at $200 and punitive damages asked for in the sum of $200.

The answer, after a general denial, charges contributory negligence on the part of plaintiff. A general denial was filed to this new matter by way of a reply.

At the trial, which was before the court and a jury, counsel for plaintiff asked one of his witnesses if there were lights on the machine. This was objected to on the ground that there was no allegation in the petition that defendant was running without lights. The objection was overruled, defendant duly

excepting, and the witness answered that there was a light system but that something was not in working order and the lamp started to burn and was thrown out in the street. This witness was also asked if defendant had sounded a gong or bell before the accident occurred. This was objected to on the ground that there were no allegations of that in the petition, and the witness answered, ''No.''

The two vehicles appear to have met about the summit of the hill, plaintiff coming up over the summit and starting down, defendant going up and not yet having reached or passed the summit. Each kept to the right. The only evidence in the case as to the rate of speed at which the automobile was going at the time was this: One of the witnesses for plaintiff, a passenger in the automobile driven by defendant, testified that when they started up the hill, the automobile was going at the rate of twenty miles an hour. This same witness, however, when asked at what rate of speed the automobile was going at the time it collided with the wagon, answered, ''It was at least ten miles an hour;'' could not say how fast the wagon was going. He further said, when asked how long it was from the time that the machine was within ten feet of the team until those in the machine were passing the wagon, that it was ''only a few seconds. It was going too fast for me to judge in that short distance.'' Another witness for plaintiff testified that to the best of his opinion he would judge that the automobile was going about ten miles an hour at the time of the alleged collision. Still another witness for plaintiff, asked how fast the machine was going at the time of meeting the wagon, said that he could not say how fast ''but a pretty good rate;'' that it was but a short time between the time he saw the wagon until the machine hit the mule and wagon. Plaintiff himself, asked how fast the automobile was running at the time he first saw it, testified that he could not say how

fast "but it was coming a pretty good rate. I don't know how fast it was going. I know it was not but a little while from when I saw it until it hit the mule and wagon." This was all the evidence produced by plaintiff as to the rate of speed of the automobile.

At the close of the testimony for plaintiff, defendant interposed a demurrer; that being overruled and introducing evidence on his behalf, at the close of the case defendant again interposed a demurrer, which was overruled, defendant saving exception to the action of the court in both instances.

It is very clear that the only charge of negligence set out in the petition is excessive speed. The defense, denying this, was a plea of contributory negligence. Let us see how the case was submitted to the jury.

At the request of plaintiff, the court gave seven instructions. Without setting them out in full, it is sufficient to say as to all of them that the defense of contributory negligence which defendant pleaded and of which there was evidence, was not submitted to the jury by any of these instructions, nor was there any qualification contained in any of them as to plaintiff's right to recover if, under the evidence in the case, the jury found that there was contributory negligence upon his part. This in itself is error which would require a reversal of the judgment. [McMahon v. Pacific Express Co., 132 Mo. 641, 1. c. 649, 34 S. W. 478.] We say this in view of the fact that no instruction on contributory negligence was given for defendant.

The fifth instruction given at the request of plaintiff told the jury that if they found from the evidence that defendant failed to keep a vigilant watch or lookout while operating his motor car or automobile upon the public highway and when approaching cariages, etc., drawn by horses, "as in this case, a team of mules," and that said injury to plaintiff was caused by the negligent acts of defendant, then their verdict

should be for plaintiff in a sum not to exceed $200 actual damages. This instruction is fatally defective for two reasons. In the first place, as we have before noticed, the only negligence charged in the petition in this case, was driving a machine at an unlawful rate of speed. There is no issue whatever tendered as to whether a vigilant watch was kept by defendant, or that failure to keep one was the cause of the accident. In the next place, in telling the jury that if they found from the evidence that the accident ''was caused by the negligent acts of the defendant,'' without specifying what those negligent acts were, the court left it to the jury to rove through the evidence or even outside of it and determine what was actionable negligence.

This court, as well as the Supreme Court, in many cases has held that it is erroneous to submit to the jury the question of negligence or whether an act was done negligently, unless the term negligence has been defined in some other instructions given. [Dalton v. Redemeyer, 154 Mo. App. 190, l. c. 197, 133 S. W. 133; Cornett v. Chicago & Alton Ry. Co., 158 Mo. App. 360, 138 S. W. 51, l. c. 53, and cases there cited; Magrane v. St. Louis & Suburban Ry. Co., 183 Mo. 119, l. c. 132, 81 S. W. 1158; Allen v. St. Louis Transit Co., 183 Mo. 411, l. c. 432, 81 S. W. 1142.] There was no definition of actionable negligence as here involved, submitted to the jury by any instruction.

The sixth instruction given at the instance of plaintiff told the jury that the law requires each operator of a motor vehicle, while in operation on the public highways of the county or state, to have his machine provided with good and suitable brakes and a suitable horn, bell or other signal device, and suitable lights when the motor car is operated in the night, and the jury were told by this instruction that if they found from the evidence that defendant, while operating this motor car failed to provide such appliances, and that by the failure so to do collided with plaintiff's mule,

thereby wounding the mule, and while plaintiff was lawfully using and traveling upon the highway, as he had a right so to do, their verdict should be for plaintiff. This submitted an issue to the jury not made by the petition or pleadings nor warranted by any evidence which was rightfully in the case, and that this was reversible error the decisions of our courts are too numerous and too familiar to require citation.

The real question in a case of this character is whether this machine, at the time of the alleged accident, was being operated in violation of section 8519, Revised Statutes 1909, which provides that no such machine shall be run "at a greater rate of speed than is reasonable, having regard to the traffic and use of the highway, or so as to endanger the life and limb of any person, or the safety of any property, and shall not in any event, while upon any public highway, run at a greater rate of speed than fifteen miles an hour." Plaintiff undertook to bring the case within the provisions of this section of the statute by the third instruction, but as drawn and given to the jury, this instruction fails to convey to the jury the correct meaning of this section of the statute. It tells the jury that they may find for plaintiff if they find "that the speed at which defendant was driving his said machine, at the time of the accident was greater than that prescribed by law, under the circumstances, said speed being greater than is reasonable having a regard for the traffic and the highway, and that same rate of speed exceeded fifteen miles per hour." It may be said of this part of this instruction that it not only does not follow the statute but is so confusing as to amount to misdirection. Waiving that, however, and turning to the evidence, as appears by the statement of facts we have given, there is no evidence whatever in the case to show that this machine, at the time it met the wagon and team of mules, was going at an unlaw-

Raybourn v. Phillips.

ful rate of speed, or even at fifteen miles an hour, certainly none to show that at that time it was going at a rate exceeding fifteen miles. The highest rate of speed testified to by any witness at the time the accident occurred, and we are confining ourselves now to the testimony on the part of plaintiff, was, that at that time the automobile was going at the rate of about ten miles an hour. It is true, that this same witness said that when they came to the hill, they were going about twenty miles an hour, but asked by plaintiff's counsel at what rate of speed the automobile was going when it came in contact with the team, this witness distinctly stated that it was going at the rate of about ten miles an hour. Because it may have been going at a rate of twenty miles an hour when it came to the hill, it by no means follows that it kept up that rate in ascending the hill. In point of fact, the evidence negatives this and shows without contradiction that the machine was going at the rate of about ten miles an hour when it met plaintiff's wagon. Whether this was evidence tending to prove that this was a greater rate of speed than was reasonable, having regard to the surrounding circumstances, is for the jury under proper instructions.

The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.