## TOM PULLAM, Respondent, v. LON MOORE, Appellant.

### Springfield Court of Appeals, February 28, 1920.

1. **HIGHWAYS: Negligence of Automobile Driver in Running Down Plaintiff's Colt on Highway Question for Jury.** Where plaintiff's colt, ranging on a public highway, was struck by defendant's automobile, and it appeared that the colt was in plain view, was seen by the operator of the car, that it paid no attention to warning signals, and that defendant ran the car up to within such close proximity to it and at such a rate of speed that it could not stop when the colt turned the wrong way, *held* to take the question of negligence to the jury.

2. ————: **Care Must be Used by Motor Vehicle Driver Not to Injure Animals Running at Large.** Laws 1911, page 330, section 12, subsection 9, requiring a motor vehicle driver to use the highest degree of care that a very careful person would use under similar circumstances, applies to injury to animals running at large on a highway, as well as to animals which are being driven or in control of some one.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*Ward & Reeves* for appellant.

*Jeffress, Duncan & Corbett* for respondent.

FARRINGTON, J.—This suit was instituted before a justice of the peace where, after judgment, it

was appealed to the circuit court of Pemiscot county. Plaintiff recovered judgment for $100, and defendant brings the appeal alleging three errors. The petition states that the plaintiff was the owner of a sorrel colt, two years old, of the value of $200, which was ranging on a certain public highway in Pemiscot County. That defendant was running and operating an automobile on said highway, and so negligently run and operated said automobile that he ran up and against plaintiff's colt, striking it with great force and that the animal died from the injuries received.

As the first assigment of error goes to the overruling of an instruction in the nature of a demurrer to the evidence, it will be necessary to set out briefly the facts. The testimony of plaintiff shows that the colt was walking, or moping, as it is put by the witness, up the road on the right-hand side; that the defendant was driving a Ford car coming up behind the colt and driving at a rate of speed of about twenty-five to thirty miles per hour; that the colt was plainly visible to a person in a car for at least 125 to 150 yards; that the defendant honked his horn several times but that the colt paid no attention to it whatever; that the speed of about thirty miles an hour was continued by defendant up to within twenty or thirty steps of the colt, at which time defendant attempted to turn out to the left and go around him; that the colt then lunged in front of the car and ran ahead of the car some twenty-five or thirty feet before it was struck. Plaintiff's witnesses testified postively that the colt lunged and ran up the road ahead of the car from twenty-five to thirty feet, trying to get away, before it was struck. The jury gave judgment of the least amount the evidence showed the value of this colt to be.

Defendant's evidence practically coincides with the plaintiff's except as to the speed of the car and the colt running ahead just before it was struck. Defendant himself and his witnesses place the speed at which they were going at from eighteen ot twenty miles an hour,

which speed was continued by the defendant up to the place where he was turning out to go around the colt. Defendant says before he got to within twenty feet of the colt it ran across the road in front of him, which was too late to stop the car and avoid the collision. It is also shown by the defendant that a casing was bursted in the attempt to stop the car, which of itself bears somewhat upon the question of how fast he was going. He further admits that he honked the horn within fifty yards of the animal and it paid no attention to it.

We have no doubt that a clear case of negligence is made out for a jury to pass upon. The colt was in plain view, was actually seen by the operator of the car, showed that it was paying no attention to any warnings, and yet the defendant ran the car up to within such close proximity to it at such a rate of speed that he could not stop if the colt should turn or lunge the wrong way, which it did in this case.

The petition makes a general charge of negligence, and as we said in the case of Compton v. Railroad, 194 Mo. App. 35, 182 S. W. 1055; "There are some acts which result in damage that are so simple and out of the ordinary course of events that to merely state the ultimate facts is about as specific an averment as can be framed into language, and yet this language may also be termed general," which case was followed and cited in an automobile collision case where the defendant ran up behind a buggy in plain view on a public highway in the city of Poplar Bluff, and struck it. [See Stewart v. Mason, 186 S. W. 578.]

To run into an animal, person or vehicle in plain view on a public highway, where it is shown there was plenty of room for a safe passing, in of itself denotes negligence. The conditions are entirely different with collisions on a railroad for there the train or locomotive can only run upon the rails, and to merely show a collision in such case is not sufficient. There must be a failure to give warnings, or a failure to observe or a

failure to fence, or a failure to have performed some specific duty; but such is not the case where a driver of a vehicle runs into some person, vehicle or animal traveling on a public road where there is provided sufficient room for passing. The cases, therefore cited by appellant which go to the objection to Instruction No. 1, are not rules that can be applied to cases such as this. Neither is the rule laid down in the automobile case of Raybourn v. Phillips, 160 Mo. App. 534, 140 S. W. 977, to be applied, for there the petition did allege a special act of negligence, that is, excessive speed, and, of course, under authorities in this State if special negligence is proven a recovery must be had only on a showing of such special negligence and not on general negligence. In the case at bar, however, if the allegation in the petition be regarded as general negligence, then the instruction placed liability on the same ground. If on the other hand the statement that a defendant operating a car ran into a colt on a public highway and injured it is a specific act of negligence, in that case the instruction was no broader than the charge.

The last objection goes to the giving of plaintiff's Instruction No. 2, which is as follows:

"The court instructs the jury that it is the duty of a person running or operating an automobile on or along a public highway in this State to use and exercise the highest degree of care to avoid injuring stock that may be upon or along said highway.

And in this connection, you are instructed that by the term, the highest degree of care, is meant such care as would be used by a very careful and prudent person under like or similiar circumstances."

There is no point raised as to the question of degree of care, but the objection is that sub-section 9, of section 12, Session acts of 1911, page 330, does not apply to the injury to animals which are running at large on the highway but only applies to animals which are being driven or in control of some one. No au-

thorities are cited to sustain this view, and we know of no reason why there should exist any such difference as is contended for here by the appellant. We are inclined to think that more caution would be required in attempting to pass a loose colt on the road then to pass one that was haltered and being lead by some one.

Finding that the grounds assigned as error on this appeal are not well taken, the judgment is affirmed.

*Sturgis, P. J.,* and *Bradley, J.,* concur.