O. E. MONAN, a Minor, by J. R. MONAN, his Guardian and Curator, Respondent, v. ARKANSAS GROCER CO., a Corporation, Appellant.

In the Springfield Court of Appeals, July 2, 1924.

1. **PLEADING:** Allegation of Negligence Held Sufficient. In suit for damages to automobile, plaintiff's allegation that defendant's driver," instead of checking the speed of said truck, increased the speed . . . and struck plaintiff's said automobile with great force and violence," etc., *held* sufficient, both as a general and specific charge of negligence.

2. **APPEAL AND ERROR:** Evidence: Admission of Testimony as Part of Res Gestae Held Reversible Error. In suit for damages to automobile struck by a truck, statement of defendant's driver as to what caused the collision, made several days after it occurred, and away from place of collision, was not part of the *res gestae* and was not admissible, and its admission was reversible error, where there was some evidence of contributory negligence.

3. **DAMAGES:** Verdict Held Excessive. In suit for damages to automobile worth $500 to $600 struck by a truck, a verdict of $400, there being no evidence that the car was rendered worthless, and plaintiff's witness testifying that it could be repaired for $150 to $200, *held* excessive.

Appeal from the Circuit Court of Pemiscot County.—
*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Ward & Reeves* for appellant.

(1) The court erred in overruling the defendant's demurrer at the close of the plaintiff's case. (a) If plaintiff recover at all on the charge of negligence he must recover upon the identical acts of negligence pleaded in his petition. Wren v. Transfer Co., 241 S. W. 464, l. c. 469; Rooker v. Ry. Co., 204 S. W. 557. (2) The court erred in the admissibility of testimony. Plaintiff was permitted to show statements alleged to have been made by the driver of defendant's truck, not at the time or place of the accident, but days afterwards. The admission of such testimony as part of the *res gestae* was reversible error. Such testimony can only be used to contradict or impeach a witness, and cannot be used as testimony against the defendant corporation. Barker v. Railway, 126 Mo. 143; McDermott v. Railway, 73 Mo. 559; Koenig v. Union Ry. Co., 173 Mo. 721; Cross v. Coal Co., 186 S. W. 528. (3) The verdict in this case, in the amount of $400, was excessive, as the most proof any witness gave upon which a jury could base a verdict was that the car could be repaired for $150 to $200.

*McKay & Medling* for respondent.

No brief filed by respondent.

FARRINGTON, J.—The plaintiff, owner of a Studebaker automobile which was used by him as a taxi, brings this suit by his guardian and curator for damages to his automobile alleged to have been caused by a collision with one of defendant's trucks, driven at the time by one of its employees. The collision occurred at

the intersection of Third street, running east and west, and Ward Avenue, running north and south, in the city of Caruthersville, Mo. One allegation in the petition is as follows:

"That on approaching the crossing at Ward Avenue by Third street it became and was the duty of defendant to exercise ordinary care on his part and to have its truck under such control as it might have prevented running against and striking plaintiff's said automobile, but plaintiff says that at the time plaintiff's car entered upon Ward Avenue, as aforesaid, defendant's said truck was some fifty feet north of said crossing and the driver and agent of defendant saw plaintiff's automobile upon said Ward Avenue, or by the exercise of ordinary care on his part could have seen the same in ample time to have checked the truck and prevented striking plaintiff's said automobile, but that the driver and agent of defendant, instead of checking the speed of said truck, increased the speed of the same and rushed upon and struck plaintiff's said automobile with great force and violence as aforesaid, and that the injury and damage herein complained of to plaintiff was wholly occasioned by the carelessness, recklessness and negligence of defendant by and through its agents, servants and employees."

There were two other grounds of negligence alleged in the petition but these were abandoned when submitted to the jury in the instructions.

Without detailing, plaintiff had evidence tending to show that as his car entered Ward Avenue, headed west and going five or six miles an hour, defendant's truck was approaching him going south and some thirty to fifty feet north of him, and that before his automobile cleared the defendant's truck ran into the rear end of his automobile breaking the frame, fender, etc. The collision occurred in broad day light and there is no evidence of any other cars or vehicles interfering with the courses of the automobile or the truck.

The first point raised by appellant is that there having been set forth in the petition specific charges of negligence, there can be no recovery on a general charge. We have set forth the ground that was submitted to the jury and do not think that the point can be allowed. The charge is not an attempt to plead the humanitarian doctrine but put the matter in about as specific language as is possible where one driving a motor vehicle collides with another on the highway. To run into another car being driven in front of you, where it can be seen, and where there is nothing shown to prevent slowing down or stopping before hitting, cannot be stated in much more specific language than to say, "that the driver and agent of defendant, instead of checking the speed of said truck, increased the speed of the same and rushed upon and struck plaintiff's said automobile with great force and violence as aforesaid, and that the injury and damage herein complained of to plaintiff was wholly occasioned by the carelessness, recklessness and negligence of defendant by and through its agents, servants and employees." We held in the cases of Stewart v. Mason, 186 S. W. 578, Pullman v. Moore, 218 S. W. 938, and Compton v. Mo. Pac. Ry. Co., 182 S. W. 1055, that "there are some acts which result in damages that are so simple and out of the ordinary course of events that to merely state the ultimate facts is about as specific an averment as can be framed into language and yet this language may also be termed general," and that such charge is good. We, therefore, hold that the rule confining a pleader to specific charge of negligence is not transgressed under the pleading set forth and the evidence of this case.

The trial court did commit error, however, in the admission of testimony showing what defendant's driver said caused the collision. It was shown that the statement of defendant's agent, which was testified to by several witnesses, was made several days after the collision occurred and down at the defendant's place of

business away from the place where the collision occurred. It could in no sense have been considered a part of the *res gestae*. [Fore v. Rodgers, 216 S. W. 566, and cases therein cited.]

On a re-trial all other objections raised on this appeal can and should be eliminated if plaintiff so desires.

The defense to the merits of this case is principally that of contributory negligence, and as there is some evidence to sustain that charge the admission of the incompetent evidence which we have mentioned constitutes reversible error. In passing, we may also say that the verdict of $400 was hardly justified under the evidence before us. Plaintiff's own evidence shows that the car, before the collision, was worth $500 to $600 and there is nothing to show that the damage it received rendered it worthless, and plaintiff's witnesses testified, that it could have been repaired and put in as good condition as it was for $150 to $200.

On account of the error in admitting incompetent testimony the judgment is reversed and the cause remanded. *Cox, P. J.,* and *Bradley, J.,* concur.